UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| INTEL CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>NXP USA, INC.,<br><br>    Defendant. | Misc. Case No. A18MC0766 RP<br><br>Subpoena from Case:<br>No. 5:17-cv-05671-BLF (N.D. Cal.) |

FILED 18 SEP -7 PM 12:07 CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS BY___AO___

### INTEL CORPORATION'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL ITS OPPOSED MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Under Federal Rule of Civil Procedure 5.2(d) and Local Rule CV-5.2, Intel Corporation ("Intel") requests leave to file its Opposed Motion to Compel Compliance with Subpoena, and Exhibits A, C, and E to the supporting declaration of Amanda L. Major, under seal. The motion and all accompanying papers are attached as Exhibit 1.

Intel requests leave to file under seal because the motion references, quotes from, and includes as Exhibits A, C, and E to a supporting declaration, a patent-sale agreement (Exhibit C) and amendment to that agreement (Exhibit E) that were originally designated—under the Northern District of California's Patent Local Rule 2-2 Interim Model Protective Order—as "Highly Confidential – Attorneys' Eyes Only" and are currently treated as "OUTSIDE COUNSEL EYES ONLY Material," under the Stipulated Protective Order (Case No. 5:17-cv-05671-BLF, Dkt. No. 107) (attached as Exhibit 2 to this motion) in the underlying patent litigation (N.D. Cal. No. 5:17-cv-05671-BLF), as well as an excerpted version of Defendant NXP USA, Inc.'s ("NXP") privilege log (Exhibit A), which NXP has designated "OUTSIDE COUNSEL EYES ONLY Material" under the Stipulated Protective Order. These agreements

1

are central to the motion: NXP bases its privilege claims in part on the agreements, and Intel contends that the agreements instead show that privilege does not apply. Likewise, NXP's privilege log entries are central to the motion because they describe NXP's privilege claims and purported bases for withholding the at-issue documents. Intel therefore cannot fully address in a public filing the grounds for granting its motion.

"In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). However, "because the public's interest in nondispositive matters is relatively low, a party seeking to seal a document attached to a nondispositive motion or outcome need only demonstrate 'good cause.'" *360 Mortg. Grp., LLC v. Bivona-Truman*, 2016 WL 7616575, at *1-2 (W.D. Tex. May 24, 2016) (finding good cause standard applied to trial transcripts and admitted trial exhibits where "case settled on the second day of trial before being submitted to the jury").

Good cause exists here, and Intel's motion to seal should be granted. *See id.* at *2 (finding good cause exists to seal information which "concerns confidential and information of third parties such as credit reports and financial statements" and "sensitive information of the Parties themselves, which the Parties have designated under the Protective Order as 'Confidential' or 'Attorneys' Eyes Only'").

***First***, the patent sale agreement and amendment thereto, NXP's privilege log, and Intel's motion (which quotes heavily from those three documents), contain information that VLSI Technology LLC and/or NXP—the plaintiff and a third party in the underlying litigation, respectively—claim to be highly confidential. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve ... as sources of business

information that might harm a litigant's competitive standing."); *Solio Sec., Inc. v. Cummings Eng'g Consultants, Inc.*, 2012 WL 13027556, at *1 n.1 (W.D. Tex. Oct. 2, 2012) (granting motion for leave to file under seal because "exhibit potentially contain[ed] proprietary and confidential information"); *360 Mortg. Grp.* 2016 WL 7616575, at *2 (finding good cause exists to seal information which "concerns confidential and information of third parties such as credit reports and financial statements" and "sensitive information of the Parties themselves, which the Parties have designated under the Protective Order as 'Confidential' or 'Attorneys' Eyes Only.'"); Ex. 2, Stipulated Protective Order (Case No. 5:17-cv-05671-BLF, Dkt. No. 107) at 2 (defining "OUTSIDE COUNSEL EYES ONLY Material" as "information, documents, and things the Designating Party believes in good faith is not generally known to others and has ***significant competitive value*** such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.") (emphasis added).

**Second**, Intel is obligated under the Protective Order to protect this information. *See* Ex. 2, Stipulated Protective Order (Case No. 5:17-cv-05671-BLF, Dkt. No. 107) at 6-7 (narrowly outlining the individuals to whom Intel may disclose "OUTSIDE COUNSEL EYES ONLY Material" it has received); *Hambric Sports Mgmt., LLC v. Team AK, Inc.*, 2010 WL 1962691, at *3 n.1, 6 (N.D. Tex. May 14, 2010) (granting motion to seal based on a protective order issued in a different proceeding by a different court); *see also Bear Ranch, LLC v. Heartbrand Beef, Inc.*, 2014 WL 12599343, at *1 (S.D. Tex. May 14, 2014) (granting motion to seal since "documents

were designated 'confidential' pursuant to [a] protective order and at least arguably refer to proprietary information"); *360 Mortg. Grp.* 2016 WL 7616575, at *2.

On September 5, 2018, counsel for NXP confirmed that NXP does not oppose Intel's Motion to Seal.

Dated: September 7, 2018

*Michael E. Jones w/permission by pa*

Michael E. Jones (State Bar No. 10929400)
POTTER MINTON
110 North College
500 Plaza Tower
Tyler, TX 75702
Telephone: (903) 597-8311
Fax: (903) 593-0846

Amanda L. Major (*pro hac vice* pending)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
amanda.major@wilmerhale.com
Telephone: (202) 663-6000
Fax: (202) 663-6363

*Counsel for Plaintiff Intel Corporation*

## CERTIFICATE OF CONFERENCE

Counsel for parties have conferred, and Defendant NXP USA, Inc. does not oppose this motion for leave to seal.

Dated: September 7, 2018

/s/ *Amanda L. Major*
Amanda L. Major (*pro hac vice* pending)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Intel Corporation's Motion to File Under Seal Its Motion to Compel Compliance with Subpoena was served this 7th day of September, 2018, upon the following via electronic mail:

Blaney Harper
Jones Day
51 Louisiana Avenue N.W.
Washington, D.C. 20001-2113
bharper@jonesday.com

Counsel for Defendant NXP USA, Inc.

Dated: September 7th, 2018

_Michael E. Jones w/permission by PCC_
Michael E. Jones

ActiveUS 169681956v.1